IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDREA GINERA GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-716-BN |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Andrea Ginera Garcia , appearing pro se, seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision is affirmed.

**Background**

Plaintiff alleges that she is disabled as a result of osteoarthritis, diabetes, sciatica, disturbance of skin sensation, calcium deposits in her hips, bulging hip discs, and bulging neck discs. *See* Administrative Record [Dkt. No. 14 ("Tr.")] at 33, 49, 194-204, 234, 248, 292. After her applications for disability insurance benefits and supplemental security income ("SSI") benefits were denied initially, the Appeals Council remanded for further proceedings. *See id.* at 95-103, 107-110. On reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on March 4, 2014. *See id.* at 70-90. At the time of the hearing, Plaintiff was 41 years old. *See id.* at 39. She is a high school graduate and has past work experience in seasonal retail sales and hotel management and as a metal

test reporter but no relevant past work. *See id.* at 39, 51, 62. Plaintiff has not engaged in substantial gainful activity since January 1, 2011. *See id.* at 39.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Although the medical evidence established that Plaintiff suffered from obesity and osteoarthritis, the ALJ concluded that the severity of that those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity to perform a limited range light work and that she had no past relevant work. Relying on a vocational expert's testimony, the ALJ found that Plaintiff was capable of working as a file clerk and checker/cashier – jobs that exist in significant numbers in the national economy.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. Plaintiff appears to argue that substantial evidence does not support the ALJ's determination that Plaintiff has not been under a disability, as defined by the Social Security Act.

The Court determines that the hearing decision must be affirmed in all respects.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than

2

a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo. See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the

3

claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not

hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

That Plaintiff is pro se in her appeal of the ALJ's decision imposes an additional layer of consideration for the Court. As other courts have recognized, a lay plaintiff is unfamiliar with legal terms of art such as "substantial evidence" and lacks expertise in the rules governing Social Security regulations. *See Washington v. Barnhart*, 413 F. Supp. 2d 784, 791 (E.D. Tex.2006). Moreover, no statute, regulation, or court decision prescribes a precise analytical model for pro se actions seeking judicial review of adverse administrative decisions by the Commissioner. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 752 (E.D. Tex.2005). More often than not, pro se litigants in Section 405(g) appeals invite the Court to re-weigh the evidence and come to a different conclusion than did the Commissioner, which the Court may not do. *See Washington*, 413 F. Supp. 2d at 791. Necessarily, the level of scrutiny rests in each reviewing court's sound discretion. *See Elam*, 386 F. Supp. 2d at 753. But several universal principles

5

factor logically into that equation. Courts must construe pro se pleadings and arguments liberally in light of a party's lay status but must maintain their role as neutral and unbiased arbiters. That is, courts are not bound to "scour the record for every conceivable error," but fundamental fairness and interests of justice require that courts not disregard obvious errors, especially when a lay litigant's ignorance may cause legal errors to go unrecognized. *See id.*

To strike a fair balance, the Court follows other courts before it in deciding to engage in more than a superficial review of the Commissioner's decision. *See id.* But, since the Court is not an advocate, it has no duty to plumb the depths of every facet of the administrative process. In the instant case, the Court elects to examine the decision to the same extent as the Court believes that an experienced lawyer would when advising a potential client regarding the advisability of pursuing an action for judicial review. "This approach assumes that the practitioner is experienced in the subject matter, and willing, but not compelled, to represent the plaintiff. It further assumes that the practitioner's first exposure to the case is after the Commissioner's decision has become final." *Id*. In following this approach, the Court will engage in three critical inquiries:

1. Does the Commissioner's decision generally reflect the protocol established in the Social Security Act, the Commissioner's own regulations, and internal policies articulated in Social Security Rulings?

2. Were the Commissioner's critical fact findings made in compliance with applicable law?

3. Does substantial evidence support those critical findings?

*Washington*, 413 F. Supp. 2d at 792.

## Analysis

Plaintiff filed her application for disability and SSI benefits on May 2, 2011, alleging an onset date of January 1, 2011. *See* Tr. at 33, 194-204, 234, 248, 292. After an administrative hearing, *see id.* at 46-69, the ALJ issued an unfavorable decision on June 25, 2012, finding that Plaintiff did not have a severe impairment, *see id.* at 95-103. The Appeals Council remanded for further proceedings on August 29, 2013. *See id.* at 107-110.

On remand, the Appeals Council ordered the ALJ to provide additional rationale for the severity assessment of the combined effects of multiple impairments; give further consideration to the non-treating source opinions from the State Agency and explain the weight given to those opinions; further evaluate Plaintiff's subjective complaints; give consideration to Plaintiff's residual functional capacity ("RFC"), including an assessment of the effects of obesity; and, if warranted, obtain evidence from a vocational expert ("VE") to clarify the effect of the assessed limitations on Plaintiff's occupational base. *See id.* at 108-09.

On reconsideration, and after another administrative hearing, *see id.* at 70-90, the ALJ issued an unfavorable decision on May 23, 2014, and the Appeals Council denied Plaintiff's request for review on July 10, 2015.

The Court construes Plaintiff's appeal as a challenge to the sufficiency of the evidence to support the ALJ's finding that she is not disabled. In light of Plaintiff's pro

7

se status and lack of extensive briefing, the Court examined the evidence submitted by Plaintiff and the ALJ's decision as experienced counsel would in order to determine whether the finding of no disability was supported by substantial evidence or was erroneous in any manner.

The ALJ Properly Applied the Law and Facts.

The Court first reviews this pro se appeal to determine whether the Commissioner's decision generally reflects the protocol established in the Social Security Act, the Commissioner's own regulations, and internal policies articulated in Social Security Rulings, and whether the Commissioner's critical fact findings were made in compliance with applicable law. *See Thomas v. Colvin*, No. 3:12-cv-4415-P-BN, 2013 WL 6869652, at *4 (N.D. Tex. Dec. 30, 2013).

The record reflects that the ALJ conducted an extensive review of the law and facts applicable to Plaintiff's disability claim during the five-step sequential evaluation process. *See* Tr. at 33-40. The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through September 30, 2013 and has not engaged in substantial gainful activity since January 1, 2011. *See id.* at 35. The ALJ then found that Plaintiff suffered from one or more serious impairments and that Plaintiff combination of impairments was severe under the correct standard, *see Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985), citing from the medical evidence presented in the record, *see* Tr. at 34-36. In finding that Plaintiff's impairments are not severe enough to meet the criteria of a listing under Step 3 of the sequential evaluation, the ALJ supported his determination with a discussion of the relevant

8

evidence. *See Audler,* 501 F.3d at 448-49. That is, he explained that the medical opinions and other evidence of record did not establish that Plaintiff's symptoms were sufficiently severe to meet or medically equal one of the impairments listed in the Social Security regulations. *See* Tr. at 36. An ALJ's findings "regarding the debilitating effect of the subjective complains are entitled to considerable judicial deference." *Haywood v. Sullivan*, 888 F.2d 1463, 1470 (5th Cir. 1989).

The ALJ found that Plaintiff had no past relevant work. *See* Tr. at 39. Therefore, the ALJ consulted a VE to determine whether Plaintiff had the residual functional capacity to perform other work that exists in significant numbers in the regional or national economy. The VE testified that an individual with Plaintiff's age, education, work experience, and residual functional capacity would be able to perform the requirements of representative occupations such as a file clerk and checker/cashier. *See id.* at 85-86. Based on the VE's testimony, the ALJ determined that Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. *See id.* at 40.

The Court has reviewed the ALJ's decision and the medical records submitted. Based on this review, the Court concludes that the Commissioner's decision generally reflects the protocol established in the Social Security Act, the Commissioner's own regulations, and internal policies articulated in Social Security Rulings and that the Commissioner's critical fact findings were made in compliance with applicable law. *See Thomas,* 2013 WL 6869652, at *4.

<u>Substantial Evidence Supports the ALJ's Finding of No Disability.</u>

The Court's final inquiry is whether substantial evidence supports the ALJ's findings.

The ALJ first reviewed all of the records and determined that the medical opinions and other evidence did not support a finding that Plaintiff's impairments meet or equal any impairment in the Social Security regulations and that she has the residual functioning capacity to perform the jobs of file clerk and checker/cashier. *See* Tr. at 40. Concluding that the ALJ's findings were not supported by substantial evidence would only be appropriate if no credible evidentiary choices or medical findings supported his decision. *See Simeon ex rel. D.M.B. v. Astrue*, No. A-09-CA-756-LY, 2010 WL 2160834, at *4 (W.D. Tex. May 25, 2010) (citing *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988)).

"The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record." *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991). The opinion of a treating source is generally entitled to controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." *Spellman v. Shalala,* 1 F.3d 357, 364 (5th Cir. 1993); 20 C.F.R. § 404.1527(d)(2). A treating source is a claimant's "physician, psychologist, or other acceptable medical source" who provides or has provided a claimant with medical treatment or evaluation and who has or has had an ongoing treatment relationship with the claimant. 20 C.F.R. § 404.1502. A treating source opinion cannot be rejected absent good cause for reasons clearly

10

articulated in the hearing decision. *See Myers v. Apfel,* 238 F.3d 617, 621 (5th Cir. 2001).

In this case, there was no treating physician's opinion concerning whether Plaintiff's medical conditions limited or impaired her ability to engage in work related activities. Other than medical consultants, the only doctors mentioned in the administrative record are those who treated Plaintiff for obesity, osteoarthritis, leukocytosis, shoulder pain, diabetes mellitus, and fibromyalgia. *See id.* at 35-36. But the evidence does not include any indication that anyone other than the medical consultants rendered an opinion that could be construed as commenting on Plaintiff's ability to work. They simply diagnosed her medical conditions and discharged her with instructions regarding treatment and follow-up care. Accordingly, the ALJ did not err because there was no treating or examining source's opinion to consider, much less to reject. *See Walker v. Astrue,* No. 7:11-cv-131-O-BN, 2013 WL 796770, at *7 (N.D. Tex. Feb. 4, 2013), *rec. adopted,* 2013 WL 818779 (N.D. Tex. Mar. 5, 2013); *see also Gonzales-Sargent v. Barnhart,* No. SA-06-CA-355-XR, 2007 WL 1752057, at *8 (W.D. Tex. June 15, 2007) ("Since there was no rejection of a treating physician's opinion, the ALJ was required to explain in her decision the weight given to the opinions of the state agency medical consultants and the medical expert.").

The ALJ is not bound by the state agency physician's opinions, but he may not ignore them and must explain in his decision the weight given to those opinions. *See* SSR 96-6p, 1996 WL 374180, at *2 (S.S.A. July 2, 1996); *Helbing v. Astrue,* No. 4:11-cv-704-Y, 2012 WL 6719469, at *12 (N.D. Tex. Oct. 29, 2012), *rec. adopted,* 2012 WL

6709666 (N.D. Tex. Dec. 27, 2012). Here, the ALJ gave the state agency physician's opinion significant weight. *See* Tr. at 38. The ALJ explained that the non-examining consultant, John Pataki, M.D., assigned a functional ability to perform light exertional activities. Dr. Pataki found that Plaintiff should be limited to lifting twenty pounds occasionally, ten pounds frequently, standing, walking or sitting for six hours in an eight-hour work day; that she should never climb ladders, ropes, or scaffolds; and that she could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. *See id.* at 38; *see also* 87-95.

The ALJ incorporated Dr. Pataki's findings into the RFC. *See id.* at 36-37. The ALJ also limited Plaintiff to occasional use of the right upper extremity for overhead reaching and to no exposure to hazards, open flames, or extremes of fumes, odors, gases, or poor ventilation. *See id.* at 37. And the ALJ stated that he considered the effects of Plaintiff's obesity under Social Security Rulings 02-1p and 96-8p and included those effects in his determination of Plaintiff's RFC, finding it reasonable to conclude that the ability to perform exertional activity at the medium level, or greater, could be compromised by Plaintiff's obesity. *See id.* at 38-39.

The ALJ found that the medical evidence did not support Plaintiff's assertion that she was restricted to sitting on the couch or lying in bed. *See id.* at 38. According to the ALJ, medical records showed that Plaintiff had no gait problems and consistently had normal ranges of motion. *See id.* at 38, 495, 554, 567. Diagnostic tests were also normal. Plaintiff had an unremarkable right shoulder film, unremarkable

12

x-rays of the right upper extremity, and other normal x-rays. *See id.* at 38, 500, 503-04, 567-68, 570).

The ALJ also found that Plaintiff has more ability for self-care than she claims. She lives with two of her children, both of whom work full-time, and she is alone most of the day and must take care of herself. *See id.* at 38, 73-74, 78-79.

Subjective complaints must be corroborated, at least in part, by objective evidence, *see Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989), but that evidence was lacking here. Plaintiff also claimed to be in constant pain. The mere existence of pain is not an automatic ground for obtaining disability benefits, *see Owens v. Heckler*, 770 F.2d 1276, 1281 (5th Cir. 1985), and Plaintiff has not provided medical evidence to show that her pain is disabling.

A thorough review of the record confirms that substantial evidence supported the ALJ's findings. Although the record contains medical evidence to establish the impairments suffered by Plaintiff, it does not reflect that Plaintiff has the exertional, postural, or manipulative limitations that would prevent her from performing work that exists in significant numbers in the national economy.

## Conclusion

The hearing decision is affirmed in all respects.

SO ORDERED.

DATED: February 17, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE